UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOMMY HOWARD,                         :
                                      :   NO. 1:03-CR-00079
          Petitioner,                 :      1:06-CV-00216
                                      :
                                      :   **OPINION AND ORDER**
  v.                                  :
                                      :
                                      :
UNITED STATES OF AMERICA,             :
                                      :
          Respondent.                 :

        This matter is before the Court on the Petitioner Tommy
Howard's ("Petitioner") Motion to Vacate Under 28 U.S.C. § 2255 (doc.
47), the Government's Response thereto (doc. 51), and Petitioner's Brief
in Support (doc. 52).   Petitioner filed simultaneously with his Motion
to Vacate a Motion for Leave to File Delayed Brief in Support of that
Motion (doc. 48).   The Court granted his Motion for Leave to File
Delayed Brief on April 18, 2006, and ordered Petitioner to file the
brief in support within fourteen days (doc. 50).   Petitioner did not
file his Brief in Support during this period, but filed it some two
months later (doc. 52) In the interest of justice, the Court will review
his arguments, although untimely filed.

        For the reasons indicated herein, the Court DENIES
Petitioner Howard's Motion to Vacate Under 28 U.S.C. § 2255.

**I.   BACKGROUND**

        On April 7, 2003 the Cincinnati Police Department
("CPD") stopped Petitioner for a traffic violation (doc. 23).   Petitioner

did not have a valid driver's license, but possessed a temporary driver's permit (Id.). No licensed driver accompanied him in the car as required by Ohio law (Id.). Petitioner granted the request of the CPD to search his vehicle (Id.). The officers found a semi-automatic handgun underneath the driver's seat (Id.). Upon discovery of the weapon, Petitioner attempted to flee on foot from the officers (Id.). After a short chase, the officers apprehended Petitioner and the CPD continued its search of the automobile (Id.). The officers discovered powder cocaine, a digital scale, bags of marijuana, and several empty plastic baggies (Id.). The officers gave Petitioner the Miranda warnings and questioned him. Petitioner claimed that he found the guns and drugs in a bag on a neighboring street (Id.).

The government charged Petitioner with possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841, and possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Id.). Ultimately, a federal grand jury issued a four count indictment alleging: (1) possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1); (2) possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841; (3) possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841; and (4) possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Id.). Petitioner entered a plea of guilty to Count Four,

-2-

pursuant to a plea agreement (Id.). During his plea colloquy, Petitioner admitted carrying the firearm and possession of the narcotics (Id.).

The Court sentenced Petitioner to 292 months, five years supervised released, a $100.00 general assessment, and a $1,000.00 fine (Id.). Petitioner appealed this sentence; his direct appeal was denied (Id.).

## II. Petitioner's 28 U.S.C. § 2255 MOTION

Petitioner's 28 U.S.C. § 2255 Motion (doc. 47) and supporting brief (doc. 52) assert three grounds for relief. First, Petitioner claims that his Fifth Amendment right to be held to answer only for charges levied by the grand jury's indictment was violated when he was convicted of the "use" of a weapon, while he was indicted on a "possession" charge by the grand jury (doc. 52). Second, Petitioner charges that his guilty plea is unconstitutional because there was not an adequate factual basis to sustain a "use" conviction under 18 U.S.C. § 924(c) and that because he was unaware of this fact, his plea was involuntary (Id.). Finally, Petitioner alleges that because he was allowed to enter a guilty plea that he claims was both (1) for a crime for which he was not indicted and (2) did not have an adequate factual basis for conviction, his Fifth and Sixth Amendments rights to effective assistance of counsel were violated (Id.).

## III. ANALYSIS

This matter falls within the scope of well-established

-3-

precedent governing Habeas review. In <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998), the Supreme Court indicated:

> We have strictly limited the circumstances under which a guilty plea may be attacked on collateral review. It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.

Petitioner did not raise the current issues on direct appeal, and therefore to seek relief he must show cause and prejudice or actual innocence. <u>Peveler v. United States</u>, 269 F.3d 693 (6th Cir. 2001). For the following reasons, this Court finds each of Petitioner's claims without merit, and thus finds that he fails to make the showing of cause and prejudice or actual innocence needed to seek relief under § 2255.

**A. Conviction for Crime Unrelated to Indictment**

Petitioner's first claim is that he was convicted of a charge for which he was not indicted. Specifically, he notes that Count Four of the grand jury indictment reads:

> On or about April 7, 2003, in the Southern District of Ohio, the defendant, Tommy Howard, during and in relation to the commission of a *drug trafficking offense* for which Tommy Howard could be prosecuted in a court of the United States, did *carry* a firearm...All in violation of 18 U.S.C. §924(c)(1).

(doc. 52) (emphasis added), whereas the plea agreement says "[t]he defendant will enter a plea of guilty to Count 4 of the Indictment charging him with *Possession of a Firearm During a Crime of Violence*, in violation of U.S.C. §924(c)(1)" (doc. 22) (emphasis added). Finally, the judgment states that "the court has adjudicated that the defendant

-4-

is guilty of the following offenses: 18 U.S.C. §924(c)(1), *Use of a Firearm During the Commission of a Drug Trafficking Offense*." (doc. 31) (emphasis added). While Petitioner is correct in stating that the offense is characterized in each document somewhat differently, in fact, these variations are simply distinctions without a difference. The relevant statute encompasses the language used at each stage of the proceedings, applying to "any person, who, during and in relation to any crime of violence or drug trafficking crime...uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1). The grand jury indicted Petitioner with violating 18 U.S.C. § 924(c)(1) (doc. 12), he signed a plea agreement stating he would enter a plea of guilty to a violation of 18 U.S.C. § 924(c)(1)(doc. 22), he did enter that plea (doc. 40), and he was then adjudicated as violating 18 U.S.C. § 924(c)(1) (doc. 31). Therefore, the Court finds that Petitioner's claim that he was convicted of a crime for which he was not indicted is without merit.

**B. Absence of Factual Basis Sufficient to Sustain Conviction**

Petitioner's second claim is that there was an insufficient factual basis to sustain his conviction, and because he was not made aware of this fact, his plea agreement was rendered involuntarily. Petitioner argues that 18 U.S.C. § 924(c)(1) requires the "use" of a weapon and that the Supreme Court in <u>Bailey v. United States</u> defined this term as necessitating the "active employment" of a weapon. 516 U.S. 137, 142-143 (1995). He correctly states that the facts in this

-5-

case do not show an active employment of a firearm. However, his reliance on Bailey is misplaced. That case interpreted a previous version of 18 U.S.C. § 924(c)(1) that Congress amended in 1998, to include, in addition to those using or carrying a firearm, anyone who, in furtherance of a crime of violence or drug trafficking, possesses a firearm. Criminal Use of Guns, Pub. L. No. 105-386, § 1, 112 Stat 3469 (1998). The transcript of Petitioner's plea hearing clearly indicates that he admitted his guilt on multiple occasions and admitted under oath to the possession of a pistol in his vehicle (doc. 40). Thus, the Court finds sufficient factual basis to sustain a conviction under 18 U.S.C. § 924(c)(1).

## C.  Ineffective Assistance of Counsel

Finally, Petitioner argues that because he was allowed to enter a guilty plea that he claims was both for a crime for which he was not indicted and did not have an adequate factual basis for conviction, his Fifth and Sixth Amendment rights to effective counsel were violated (doc. 52). In order to establish ineffective assistance of counsel Petitioner must show (1) the counsel's performance was deficient and (2) the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). The sufficiency of counsel's performance is determined by an objective standard of reasonableness. Id. Judicial scrutiny of counsel's performance must be highly deferential, with counsel strongly presumed to have provided adequate assistance. Id.

-6-

Petitioner has not overcome this presumption.  As discussed above, both of the underlying theories that would prove a basis for this claim are without merit.  Therefore, the Court finds that Petitioner's claim of ineffective assistance of counsel is also without merit.

**IV.  Conclusion**

For the reasons stated herein, Petitioner's Motion to Vacate is hereby DENIED (doc. 47).


SO ORDERED.


Dated: August 28, 2006          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge