```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

```
TOMMY HOWARD,                    :
                                 :   NO. 1:03-CR-00079
        Petitioner,              :      1:06-CV-00216
                                 :
                                 :   OPINION AND ORDER
   v.                            :
                                 :
                                 :
UNITED STATES OF AMERICA,        :
                                 :
        Respondent.              :
                                 :
```

This matter is before the Court on the Petitioner Tommy Howard's ("Petitioner") Motion to Alter or Amend Judgment Pursuant to Rule 59(e) Conjoined with Rule 15 to Amend Pleading (doc. 54) and the Government's Response thereto (doc. 55).  For the reasons indicated herein, the Court DENIES Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) Conjoined with Rule 15 to Amend Pleading.

**I.   Background**

On June 18, 2003, a federal grand jury issued a four count indictment alleging: (1) possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1); (2) possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841; (3) possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841; and (4) possession of a firearm during a drug trafficking offense in violation of 18 U.S.C.

§ 924(c)(1) (doc. 12).  Petitioner entered a plea of guilty to Count Four, pursuant to a plea agreement (doc. 23).  In the plea agreement, Petitioner acknowledged that he understood that he may be considered to be a career offender[1] under U.S.S.G. § 4B1.1 (doc. 22).

The Court sentenced Petitioner to 292 months, five years supervised release, a $100.00 general assessment, and a $1,000.00 fine (doc. 23).  Petitioner appealed this sentence; his direct appeal was denied (Id.).  Petitioner then filed a Motion to Vacate Under 28 U.S.C. § 2255, which was denied (doc. 53).

**II. Petitioner's Motion**

Petitioner's Motion requests relief to amend his original § 2255 motion under Rule 15 to add new arguments, and requests that the Court amend its previous ruling on Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 based on Fed. R. Civ. P. 59(e) (doc. 54).  Petitioner relies on U.S. v. Montanez 442 F.3d 485 (6th Cir. 2006) in arguing that his prior offenses did not constitute "controlled substance offenses," therefore the Court was in error in applying U.S.S.G. § 4B1.1 (doc. 54).  Based on this error,

---

[1] According to Petitioner's Presentence Report, Petitioner's prior convictions considered to have career offender status under U.S.S.G. § 4B1.1(a) include: robbery (O.R.C. § 2911.02) and aggravating trafficking (O.R.C. § 2925.03 (A)(4)) in the Hamilton County Court of Common Pleas Case No.: B 93-01807 and possession of cocaine (O.R.C. § 2925.11(A))in the Hamilton County Court of Common Pleas Case No. B 98-05912.

Petitioner argues, the Court is required to re-sentence him (Id.).[2]

The government responds that Petitioner's motion is in actuality a second or successive habeas petition (doc. 55). The government argues that Petitioner fails to make the requisite showing for a second or successive habeas petition or motion to vacate, therefore his motion must be denied (doc. 55).

**III. Analysis**

Because Petitioner requests that the Court amend its previous ruling on Petitioner's habeas motion, the Court must determine whether the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) controls. Gonzalez v. Crosby, 545 U.S. 524; 125 S.Ct. 2641 (2005) (finding that 28 U.S.C. §§ 2254 and 2244 control when the movant seeks to add a new ground for relief under his original habeas petition); Gibbs v. U.S. 2006 U.S. Dist. LEXIS 91557 (S.D. Ohio 2006) (applying Gonzalez to 28 U.S.C. § 2255 cases). When a petitioner's motion questions the reasoning for the court's resolution of his claim on the merits and not a "defect in the integrity of the federal habeas proceedings," the motion should be treated as a successive habeas petition. Gonzalez, 125 S.Ct. at 2648; Banks v. Wolfe, 2006 U.S. Dist. LEXIS 68824 (S.D. Ohio 2006). For the following reasons, this Court finds that Petitioner's

---

[2] Petitioner also filed a Reply in response to the Government's Response. Although untimely, this Court considered Petitioner's Reply and finds that Petitioner failed to add any new arguments to his original Motion.

motion constitutes a second or successive habeas petition, which is governed by 28 U.S.C. §§ 2255 and 2244. Therefore, this Court does not have jurisdiction to weigh Petitioner's claims for relief.

### A. Petitioner's Application for Relief Under Federal Rules of Civil Procedure 59(e) and 15

Motions to alter or amend judgment under Rule 59(e) may be granted when one of the following circumstances exists: a clear error of law; newly discovered evidence; an intervening change in controlling law; or to prevent manifest injustice. Gencorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Section 2255, Rule 12 of the AEDPA limits the applicability of the Federal Rules of Civil Procedure in habeas actions "to the extent that they are not inconsistent with any statutory provisions or these rules." 28 U.S.C. § 2255 Rule 12.

The relevant provision of the AEDPA requires: first, certification by the appropriate court of appeals under § 2244; and

> [second], newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> [third] a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The Supreme Court in Gonzalez, concluded that using Rule 60(b) to seek relief from the original judgment by either

requesting new claims for relief, presenting new evidence, or presenting a change in substantive law is inconsistent with the AEDPA. Gonzalez, 125 S.Ct. at 2657. Although Gonzalez concerned Rule 60(b) motions, courts have applied the Supreme Court's reasoning to Rule 59(e) motions. See e.g. Keeton v. Bradshaw, 2007 U.S. Dist. LEXIS 3415 (N.D. Ohio January 17, 2007) (construing the petitioner's motion to alter or amend judgment pursuant to Rule 59(e) as a successive habeas petition); Williams v. Norris, 461 F.3d 999, 1002 (8th Cir. 2006) (upholding district court's decision deeming the petitioner's Rule 59(e) motion to alter or amend based on a clerical error as a second and successive habeas application)[3] Additionally, unless the petitioner seeks to remedy a "defect in

---

[3] See also, Banks, 2006 U.S. Dist. at 12-13, citing: United States v. Bovie, 28 Fed. Appx. 734, 2001 WL 863578, *1 (10th Cir. 2001) ("We see no distinction between the Rule 60(b)(6) motions in those cases and the Rule 59(e) motion filed by Mr. Bovie here" for purposes of successive petition analysis); Peterson v. Brennan, 2004 U.S. Dist. LEXIS 11860, 2004 WL 1505253, *5 n. 9 (E.D.Pa. June 15, 2004) (noting that both Rule 59(e) and Rule 60(b) trigger the AEDPA limitation on successive petitions); United States v. Culp, 2001 U.S. Dist. LEXIS 9932, 2001 WL 789417, *1 (D.Kan. May 3, 2001) (construing post-judgment Rule 59(e) motion as a second § 2255 petition under AEDPA); Bisaccia v. United States, 2000 U.S. Dist. LEXIS 15987, 2000 WL 1677747, *1 (E.D.N.Y. Sept. 18, 2000) ("Rule 59 is no more available than Rule 60 as a vehicle for circumventing the statutory bar to successive § 2255 petitions"); Alley v. Bell, 101 F.Supp.2d 588, 669 (W.D.Tenn.2000) (where Rule 59(e) motion reiterates claims previously rejected, its character places it within category of cases proscribed by successive petition doctrine); United States v. Anderson, 1998 U.S. Dist. LEXIS 12824, 1998 WL 512991, *1 (E.D.La. Aug. 14, 1998) (construing Rule 59(e) motion as a second § 2255 petition).

the integrity of the federal habeas proceedings," any request for relief should be treated as a successive habeas petition. Gonzalez, 125 S.Ct. at 2648; Banks, 2006 U.S. Dist. at 15.

Petitioner seeks relief from his conviction for possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (doc. 54). Petitioner relies on the Sixth Circuit's opinion in U.S. v. Montanez, 442 F.3d 485 (6th Cir. 2006), decided after Petitioner filed his original habeas petition (Id.). The Sixth Circuit concluded that a criminal offense of mere possession of a controlled substance did not satisfy the intent element defining a controlled substance offense under § 4B1.1. Montanez, 442 F.3d at 493-494.

Under the United States Sentencing Guidelines § 4B1.1, a defendant is a career offender if he is (1) at least eighteen years old at the time of the offense, (2) the instant offense is a felony conviction that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. Montanez, 442 F.3d at 487. The Guidelines define "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance...or the possession of a controlled substance with <u>intent</u> to manufacture, import, export, distribute, or dispense.

Id. (emphasis added). The Sixth Circuit concluded that Ohio Revised Code § 2925.03 (A)(6), which criminalized possession of a controlled substance, did not constitute a controlled substance offense because the statute only required "knowing possession" and did not contain an element of intent. Id. at 491.

Petitioner disputes whether his prior felony convictions constitute a controlled substance offense as defined by the Sentencing Guidelines (doc. 54). Based on the Sixth Circuit's decision in Montanez, Petitioner may have a colorable argument. However, because Petitioner seeks relief based upon the merits of this Court's prior decision on his original § 2255 petition, the Court concludes that Petitioner's motion is indistinguishable from a second or successive habeas petition.

### B. Jurisdiction

Petitioner may not file a second or successive habeas petition or motion to vacate without receiving permission to file such motion from the court of appeals in accordance with 28 U.S.C. § 2244. In re Green, 144 F.3d 384, 388 (6th Cir. 1998); Casey v. Hemingway, 42 Fed. Appx. 674 (6th Cir. 2002). Having reviewed this matter, the Court determines that Petitioner seeks to file a second or successive habeas petition or motion to vacate. Because Petitioner failed to seek permission from the Court of Appeals prior to filing his motion, Petitioner's motion is not properly before the Court.

**IV. Conclusion**

For the reasons stated herein, Petitioner's Motion to Alter or Amend Judgment and to Amend his Pleading is hereby DENIED and is transferred to the Sixth Circuit Court of Appeals. In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) ("District courts should transfer cases to this court whenever prisoners seek to file a second or successive habeas petition or motion to vacate, so this court can consider granting the prisoner permission to file the second or successive application under 28 U.S.C. §§ 2244 or 2255").

SO ORDERED.


Dated: March 1, 2007          s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge