UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOMMY HOWARD,  :
                                             :    NO. 1:03-CR-00079
       Petitioner,               :        1:06-CV-00216
                                              :
                                              :    **OPINION AND ORDER**
   v.                                           :

UNITED STATES OF AMERICA,     :

       Respondent.               :

This matter is before the Court on Remand from United States Court of Appeals for the Sixth Circuit (doc. 64), regarding the Court's Order (doc. 57) on Petitioner Tommy Howard's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) Conjoined with Rule 15 to Amend Pleading (doc. 54) and the Government's Response thereto (doc. 55). For the reasons indicated herein, in accordance with the ruling of the Sixth Circuit, the Court DENIES Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) Conjoined with Rule 15 to Amend Pleading.

On June 18, 2003, a federal grand jury issued a four count indictment alleging: (1) possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1); (2) possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841; (3) possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841; and (4) possession of a

firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (doc. 12). Petitioner entered a plea of guilty to Count Four, pursuant to a plea agreement (doc. 23). In the plea agreement, Petitioner acknowledged that he understood that he may be considered to be a career offender[1] under U.S.S.G. § 4B1.1 (doc. 22).

The Court sentenced Petitioner to 292 months, five years supervised release, a $100.00 general assessment, and a $1,000.00 fine (doc. 23). Petitioner appealed this sentence; his direct appeal was denied (Id.). On April 17, 2006, Petitioner filed a Motion to Vacate Under 28 U.S.C. § 2255, which was denied (doc. 53). Thereafter, Petitioner filed a timely Motion to Alter or Amend Judgment Pursuant to Rule 59(e) Conjoined with Rule 15 to Amend Pleading (doc. 54), which this Court, applying Gonzalez v. Crosby, 545 U.S. 524; 125 S.Ct. 2641 (2005), construed as a second successive habeas petition and transferred to the Court of Appeals (doc. 57).

The Sixth Circuit determined that the transferred motion was not a second or successive habeas petition, stating:

Even though Howard's Rule 59(e) raised a new ground for

---

[1] According to Petitioner's Presentence Report, Petitioner's prior convictions considered to have career offender status under U.S.S.G. § 4B1.1(a) include: robbery (O.R.C. § 2911.02) and aggravating trafficking (O.R.C. § 2925.03 (A)(4)) in the Hamilton County Court of Common Pleas Case No.: B 93-01807 and possession of cocaine (O.R.C. § 2925.11(A))in the Hamilton County Court of Common Pleas Case No. B 98-05912.

> habeas relief, it was not a second motion to vacate sentence and thus did not need to be transferred to this court. This conclusion is supported by the reasoning of the Seventh Circuit, which distinguished between Rule 59(e) and Rule 60(b) motions, and reasoned that Rule 59(e) motions are not subject to the statutory limitations placed on successive collateral attacks on criminal judgments.

Howard v. United States, Case No. 07-3447 (6th Cir., July 22, 2008) (citing Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002). The Court of Appeals held that "extending the holding of Gonzalez to Rule 59(e) would attribute to Congress the unlikely intent to preclude broadly the reconsideration of just-entered judgments." Id. Considering the limits of Rule 59(e) relief, the Court of Appeals found "[m]ost significantly, a petitioner only has ten days within which to file a Rule 59(e) motion, and even then may request only that the district court reconsider matters actually raised before it." Id. The Court of Appeals further speculated that "it appears in this case that the district court may well deny the Rule 59(e) judgment on that ground [that Rule 59(e) allows for reconsideration, but does not permit new arguments that could have been raised prior to judgment]." Id. The Court of Appeals transferred the motion back to this Court for further proceedings consistent with their opinion. Id.

Therefore, the Court must now reevaluate Petitioner's motion (doc. 54) under Rule 59(e). Motions to alter or amend judgment under Rule 59(e) may be granted when one of the following circumstances exists: a clear error of law; newly discovered

evidence; an intervening change in controlling law; or to prevent manifest injustice. <u>Gencorp, Inc. v. American Int'l Underwriters</u>, 178 F.3d 804, 834 (6th Cir. 1999).

Petitioner seeks relief from his conviction for possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (doc. 54). In support of his motion, Petitioner relies on the Sixth Circuit's opinion in <u>U.S. v. Montanez</u>, 442 F.3d 485 (6th Cir. 2006), a case decided on March 23, 2006 (<u>Id</u>.). In <u>Montanez</u>, the Sixth Circuit concluded that a criminal offense of mere possession of a controlled substance did not satisfy the intent element defining a controlled substance offense under § 4B1.1. <u>Montanez</u>, 442 F.3d at 493-494. Relying on <u>Montanez</u>, Petitioner, for the first time, disputes whether his prior felony convictions constitute a controlled substance offense as defined by the Sentencing Guidelines (doc. 54).

Under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued. <u>Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC</u>, 477 F.3d 383, 395 (6th Cir. 2007); <u>Sault Ste. Marie Tribe of Chippewa Indians v. Engler</u>, 146 F.3d 367, 374 (6th Cir.1998) (stating that "[a] motion under Rule 59(e) is not an opportunity to re-argue a case"). Rather, a motion under Rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence." <u>Roger Miller Music</u>, 477

F.3d at 395; Gencorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Petitioner filed the motion to vacate on April 17, 2006 (doc. 47), and as the Sixth Circuit noted "[t]he Montanez decision, upon which Howard bases his claim for post-judgment relief, was decided before Howard even filed his motion to vacate sentence, and Howard could have, and arguably should have, raised this argument earlier." Howard, Case No. 07-3447 at 2. Therefore, because Petitioner seeks to raise new legal arguments pursuant to Rule 59(e) that could have been raised prior to his motion to vacate sentence, the Court must deny Petitioner's motion to alter or amend judgment (doc. 54).

For the reasons stated herein, the Court DENIES Petitioner's Motion to Alter or Amend Judgment and to Amend his Pleading (doc. 54).

SO ORDERED.

Dated:   December 16, 2008        /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge